IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TANNER ROUBIDEAUX-DAVIS,

    **Plaintiff,**

    v.                                    CASE NO. 25-3051-JWL

HUTCHINSON CORRECTIONAL
FACILITY,

    **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed in forma pauperis. On April 16, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5) ("MOSC") directing Plaintiff to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. The Court noted that Plaintiff failed to name a proper defendant. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 6). The Court's screening standards are set forth in the Court's MOSC.

Plaintiff alleges that on March 29, 2023, he was sexually assaulted at the HCF low-medium camp by an inmate that was a known predator. (Doc. 6, at 3.) Plaintiff alleges that the inmate should not have been in a low-medium camp because he had several similar incidents on record. *Id.* Plaintiff alleges that he has attempted to obtain the name of who was in charge of placements at that time and was denied that information. Plaintiff also sought to obtain information of past

1

incidents by the known predator and was unable to obtain that information. Plaintiff was told that he needed to subpoena the information. *Id*.

Plaintiff alleges an Eighth Amendment violation based on a failure to protect him. Plaintiff names as defendants: Warden Dan Schnurr; and (fnu) (lnu) employees. Plaintiff seeks compensatory damages.

"[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'" *Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994))). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Id*. (quoting *Farmer*, 511 U.S. at 833).

A claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a subjective component inherent in the claim"). "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Hooks*, 983 F.3d at 1204 (citing *Strain*, 977 F.3d at 992). Plaintiff must establish that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

"The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." *Turner v. Okla. Cty. Bd. of Cty. Comm'rs*, 804 F. App'x 921, 926 (10th Cir. 2020) (unpublished) (citing *Marbury*

*v. Warden*, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (same)). "[S]ubjective awareness of only *some* risk of harm to a prisoner is insufficient for a deliberate-indifference claim." *Id*. (citing *Marbury*, 936 F.3d at 1238). Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." *Id*. (citing *Marbury*, 936 at 1236 (internal quotation marks omitted)). A prison official may be found free from liability if they responded reasonably to the risk. *See Hooks*, 983 F.3d at 1205 (citing *Farmer*, 511 U.S. at 844 (explaining that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted")). "[P]rison officials who act reasonably cannot be found liable." *Id*. (citing *Farmer*, 511 U.S. at 845).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate KDOC officials to prepare and file a *Martinez* Report. Once the Report has been received, the Court can properly screen Plaintiff's Amended Complaint under 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED BY THE COURT** that:

(1) The KDOC officials shall submit the *Martinez* Report by **July 21, 2025.** Upon the filing of that Report, the Court will screen Plaintiff's Amended Complaint. If the Amended Complaint survives screening, the Court will enter a separate order serving Defendants and setting an answer deadline.

(2) KDOC officials are directed to undertake a review of the subject matter of the

       Amended Complaint:

       a. To ascertain the facts and circumstances;

       b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Amended Complaint; and

       c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Amended Complaint and should be considered together.

(3) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. If the KDOC officials wish to file any exhibits or portions of the report under seal or without service on Plaintiff, they must file such portions separately from the public report and provisionally under seal, to be followed immediately by a Motion to Seal or Redact Document(s). The KDOC officials are exempt from filing the Notice of Proposed Sealed Record under D. Kan. Rule 5.4.2(b).

(4) Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the KDOC officials to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No motion addressed to the Amended Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed

any Court-ordered answer or response to the Amended Complaint. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, the KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, counsel for the KDOC, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

**Dated May 21, 2025, in Kansas City, Kansas.**

                                                **S/ John W. Lungstrum**
                                                **JOHN W. LUNGSTRUM**
                                                **UNITED STATES DISTRICT JUDGE**